BIRCH, Circuit Judge,
dissenting:
The time-worn adage in jurisprudence that hard facts often lead to bad law is certainly applicable to this case. I have little doubt that had I been the sentencing judge I might well have fashioned a different and harsher sentence for this defendant. But the decision at play here is the respective roles of the appellate court and the sentencing court. Our appellate role is properly constrained by the standard of review to which we are required to adhere. As Judge Edmondson persuasively describes the application of that standard to the record, it compels an affirmance of the sentencing court’s judgment in this case. Accordingly, I respectfully dissent and join in the dissenting opinions of Judge Edmondson and Judge Barkett.
BARKETT, Circuit Judge, dissenting, in which BIRCH and MARTIN, Circuit Judges, join:
I agree with just about everything in Judge Edmondson’s dissent. If there is *1277 any point of departure, it is the addition (or clarification, in my view), that the district judge must articulate the reasons for the sentence imposed based on the evidence in the record. Because the record may support a number of reasonable sentences, this articulation is necessary so that the appellate court can be satisfied that the district judge actually considered how all of the § 3553 factors relate to the defendant’s individual case.
I previously explained why it is important for district judge’s to give reasons in my dissent in United States v. Docampo, 573 F.3d 1091 (11th Cir.2009).
First, Congress explicitly mandated the articulation of reasons:
Congress requires the district court to “state in open court the reasons for its imposition of the particular sentence,” § 3553(c), and before doing so, the court must consider each of the factors delineated in § 3553(a) to arrive at the appropriate sentence.
Docampo, 573 F.3d at 1106. Second, not every case requires an elaborate explanation:
What is “enough” or “adequate” depends upon the circumstances of the particular case at hand[ ].... [L]ess may be required if a case is “simple” or “typical.” The logical corollary of this conclusion, however, is that more is required when a judge is faced with an atypical case or the defendant argues that a departure from the Guidelines is warranted.
... Thus, while a mechanical discussion of each § 3553(a) factor may not be necessary in every case, a district court has a responsibility to analyze the relevant factors on the record. These would include a particular § 3553(a) factor raised by a defendant, or one clearly implicated by the specific facts of that case....
Moreover, the sentencing judge should be able to articulate the rationale that justifies the actual number of months or years that make up a defendant’s sentence, whether that number is within or outside the Sentencing Guidelines. A reasonable sentence is one for which there is an explanation of how the particular length of the imposed sentence corresponds to the individual sentencing needs of the particular defendant. For example, how does a sentence of fifteen years, as opposed to a sentence of five or ten years, or twenty-two years for that matter, serve the needs of individual and general deterrence while also addressing the nature of the crime and the individual characteristics of the defendant in a given case? The number of years cannot be determined simply by an individual judge’s gut feeling. As a society that values due process, we must have some rationalization for every step of our judicial system. There should be a transparent, logical, and reasonable justification to support the amount of jail time prescribed for a particular defendant based on the § 3553 factors.
Id. at 1106-08, n. 7.
Here, the district judge meticulously and conscientiously followed the dictates of Congress. Indeed, I do not see what more the district judge could reasonably have done to assure us that he considered and weighed all of the § 3553 factors as they applied to this case. The district judge considered every piece of evidence in the extensive record before him, which is *1278 clearly sufficient to permit meaningful appellate review. The problem, if there is one, is that, beyond the offense itself, the government failed to present any evidence whatsoever to rebut or challenge any of the defendant’s witnesses at sentencing, And, it was not the district judge’s job, nor is it ours, to supply and rely on evidence that was not presented.
The bottom line is that the majority— based on its own finding of facts and credibility determinations — simply disagrees with the district judge’s conclusion that seventeen years followed by a lifetime of supervised release is an appropriate sentence for Irey. Notably, the majority really does not offer any explanation for mandating that the district judge impose a sentence of thirty years of imprisonment in lieu of Irey’s current substantial sentence.[1] Because the majority is not “reviewing” the district judge’s judgment but rather is substituting its own and is assuming the role that the prosecutor failed to perform in presenting evidence that could arguably support a longer sentence, I dissent.[2]

. The majority cites to numerous published and unpublished cases involving various different offenses against minors in which the defendants therein received sentences in excess of thirty years to suggest that Irey’s sentence of seventeen and one-half years creates a “substantial disparity” that renders it unreasonable. Majority Op. at 1219-21. Looking at only the length of the various sentences in the cited cases, Irey’s sentence arguably presents a disparity. However, Congress did not command sentencing courts to avoid mere "disparities” or even "substantial disparities.” What it did require is that sentencing courts consider the need to avoid unwarranted disparities among similarly situated defendants. See 18 U.S.C. § 3553(a)(6). Whether one defendant's sentence creates an unwarranted disparity from other defendants necessarily requires a sentencing court to undertake a fact-intensive inquiry in the first place to determine whether the defendants are similarly situated. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir.2009) ("A well-founded claim of disparity, however, assumes that apples are being compared to apples.”) (citation omitted). I believe a court cannot truly assert that one defendant’s sentence creates an unwarranted disparity from another or several defendants’ without the benefit of the entirety of the sentencing records of all the defendants. However, even if this extremely fact-intensive analysis can be based on the information contained in appellate opinions alone, consideration of any potential unwarranted sentencing disparity is not a task for the appellate court to complete in the first instance as the majority does in this case.
Moreover, several of the majority’s cited cases contain facts that could just as legitimately support a finding that those defendants were not similarly situated to Irey and thus do not support the conclusion that the sentence imposed on Irey created an unwarranted disparity. For example, several of the cases concern defendants who, unlike Irey, proceeded to trial. We have previously held that defendants who plead guilty and assist the government ai;e not similarly situated to those who proceed to trial. See e.g., Docampo, 573 F.3d at 1101 (holding that a defendant who proceeded to trial was not similarly situated to his co-conspirators who plead guilty and assisted the government and thus there was no unwarranted disparity between the defendant’s lengthy 270 month sentence and his co-conspirator's substantially shorter sentences).

. As I also noted in my dissent in Docampo:
Appellate courts have had no difficulty finding unreasonableness when asking [wheth *1279 er a sentence is enough punishment]. See, e.g., [United States v.] Pugh, 515 F.3d 1179 [(11th Cir.2008)] (finding that probation for a possessor of some child pornography was insufficient). We should likewise be willing to find that, in a case that warrants it, "a within-Guidelines sentence is ‘greater than necessary’ to serve the objectives of sentencing,” Kimbrough [v. United States], [552 U.S. 85, 91], 128 S.Ct. [558], 564 (quoting § 3553(a)). Our appellate sentencing review should not develop into a one-way rachet upwards. Just as the district court has an obligation not to assume the Guidelines are automatically reasonable, we too — as a circuit that does not apply a reasonableness presumption — are obligated to ask whether a within-Guidelines sentence is reasonable without any thumb on the scale. Thus, reiterating what we have previously noted, there are "many instances where the Guidelines range will not yield a reasonable sentence.... In some cases it may be appropriate to defer to the Guidelines; in others, not.” United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir.2006).
Docampo, 573 F.3d at 1110-11.